UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVENTE LASZLO LAZAR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GENA JONES, et al.,<br><br>　　　　　Defendants. | No.  2:23-cv-2881 KJN P<br><br><br>ORDER |

　　　　Plaintiff is a state prisoner, proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

　　　　Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis is granted.

　　　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint is dismissed with leave to amend.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

The Civil Rights Act

To state a claim under § 1983, a plaintiff must demonstrate:  (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury.  Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

Plaintiff's Complaint

Plaintiff claims that since 2019, the water at California Health Care Facility ("CHCF") has been contaminated with Legionella bacteria. (ECF No. 1 at 4.)  Plaintiff arrived at CHCF in April of 2023, where he was housed in Facility B, which only houses inmates assigned for Psych Inhouse Program treatment.  On May 18, 2023, defendants Jones and Garland issued a memo regarding water use restrictions due to Legionella concerns (Ex. 1), advising bottled water use for drinking and hygiene.  Plaintiff filed a grievance complaining that inmates in Facility B did not have access to clean hot water.  In response, defendant J. Schultz responded that no hot pots are

allowed, Facility C & D have hot water dispensers, and filters are installed in the day room floor on Facility A & B. (ECF No. 1 at 4.) Plaintiff filed an appeal objecting that inmates do not have access to hot water filtered sinks, and Schultz had not proven otherwise in the response; such appeal was granted. Plaintiff claims he faced imminent danger based on the lack of access to clean hot water, a basic necessity from April to July 24, 2023. Inmates use the hot water for beverages and dry food preparation. As injury, plaintiff claims that he faced a threat of imminent danger every time he used hot water from his cell sink -- the only hot water available -- to drink or cook with. He alleges he was forced to drink/cook with contaminated water. (ECF no. 1 at 4.) Plaintiff alleges violations of the Eighth and Fourteenth Amendments.

Discussion

    Equal Protection Clause

    Plaintiff's Fourteenth Amendment equal protection claim fails. To state a claim under the Equal Protection Clause for a member of a protected class, a plaintiff must demonstrate that (1) he is a member of a protected class and (2) that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class. Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998). A mental disability is not a quasi-suspect classification. City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 442 (1985). Although disabled persons do not constitute a suspect class, the Equal Protection Clause prohibits irrational and invidious discrimination against them. Dare v. Cal., 191 F.3d 1167, 1174 (9th Cir. 1999). The disabled plaintiff must have been treated differently than others similarly situated, by reason of the plaintiff's classification. Lee v. City of Los Angeles, 250 F.3d 668, 687 (9th Cir. 2001). "'Discriminatory purpose'. . . implies more than intent as volition or intent as awareness of consequences. It implies that the decisionmaker . . . selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." Personnel Adm'r of Mass. v. Feeney, 442 U.S. 256, 279 (1979) (internal citation omitted).

    Here, plaintiff was not placed or retained in Facility B because of the allegedly contaminated water, but rather because of his need for specific mental health care. Further, the

1  May 13, 2023 memo demonstrates that defendants Jones and Garland took reasonable steps to
2  ensure all inmates in Facility A, B, C, D & E had clean drinking water and access to hot showers.
3  In addition, although Facility C & D have hot water dispensers, neither Facility A nor B have hot
4  water dispensers, but filters were installed in the day room floor on Facility A & B.  Therefore,
5  plaintiff fails to state a cognizable Fourteenth Amendment claim.

6      Conditions of Confinement

7      Instead, plaintiff's allegations concern his conditions of confinement and fall squarely
8  under the Eighth Amendment.

9      In order for a prison official to be held liable for alleged unconstitutional conditions of
10 confinement, the prisoner must allege facts that satisfy a two-prong test.  Peralta v. Dillard, 744
11 F.3d 1076, 1082 (9th Cir. 2014) (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994).  The first
12 prong is an objective prong, which requires that the deprivation be "sufficiently serious."  Lemire
13 v. Cal. Dep't of Corr. & Rehab., 726 F.3d 1062, 1074 (9th Cir. 2013) (citing Farmer, 511 U.S. at
14 834).  In order to be sufficiently serious, the prison official's "act or omission must result in the
15 denial of the 'minimal civilized measure of life's necessities."  Lemire, 726 F.3d at 1074.  The
16 objective prong is not satisfied in cases where prison officials provide prisoners with "adequate
17 shelter, food, clothing, sanitation, medical care, and personal safety."  Johnson v. Lewis, 217 F.3d
18 726, 731 (9th Cir. 2000) (quoting Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982)).
19 "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional
20 violation.  Johnson v. Lewis, 217 F.3d at 732 ("[m]ore modest deprivations can also form the
21 objective basis of a violation, but only if such deprivations are lengthy or ongoing").  Rather,
22 extreme deprivations are required to make out a conditions of confinement claim, and only those
23 deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to
24 form the basis of an Eighth Amendment violation.  Farmer, 511 U.S. at 834; Hudson v.
25 McMillian, 503 U.S. 1, 9 (1992).  The circumstances, nature, and duration of the deprivations are
26 critical in determining whether the conditions complained of are grave enough to form the basis
27 of a viable Eighth Amendment claim.  Johnson v. Lewis, 217 F.3d at 731.
28      The second prong focuses on the subjective intent of the prison official.  Peralta, 774 F.3d

at 1082 (9th Cir. 2014) (citing Farmer, 511 U.S. at 837). The deliberate indifference standard requires a showing that the prison official acted or failed to act despite the prison official's knowledge of a substantial risk of serious harm to the prisoner. Id. (citing Farmer, 511 U.S. at 842); see also Redman v. Cnty. of San Diego, 942 F.2d 1435, 1439 (9th Cir. 1991) (en banc), abrogated on other grounds by Farmer, 511 U.S. at 836. Mere negligence on the part of the prison official is not sufficient to establish liability. Farmer, 511 U.S. at 835.

Initially, the undersigned assumes without deciding that exposure to Legionella bacteria poses a substantial risk of harm.[1]

Objective Prong

Here, it is unclear whether the temporary deprivation of hot water in plaintiff's cell constitutes "inhumane prison conditions" sufficient to meet the objective prong. See Hopkins v. Klindworth, 556 F. App'x 497, 499 (7th Cir. 2014) (Generally, "[p]risoners do not have a constitutional right to hot water under the Eighth Amendment." (citation omitted)); Adcock v. Burton, 2020 WL 3073334, at *3 (E.D. Cal. June 10, 2020) ("Generally, the short-term failure to provide hot water does not violate the Eighth Amendment."). Here, plaintiff was deprived of hot drinking and cooking water in his cell for less than four months.

Plaintiff does not dispute that he was provided bottled water or that the showers had filters so that he could take showers with both hot and cold water. Further, while Facility B did not have a hot water dispenser, the May 18, 2023 memo states that "[p]oint of use Legionella filters have been added for safe drinking. Signs have been above the faucets/sinks identifying both the filtered sinks as well as the faucets/sinks safe for hand washing only." (ECF No. 1 at 9.) In addition, in the first level appeal response, defendant J. Schultz responded that filters are installed in the sinks located in the dayroom floor on A and B Facility. (ECF No. 1 at 15.)

Taking plaintiff's allegations as true, it is unclear that being deprived of hot water in one's cell for less than four months meets the objective prong required to show an Eighth Amendment

---

[1] According to the United States Centers for Disease Control, Legionnaires' disease is a serious type of pneumonia (lung infection) caused by "breath[ing] in small droplets of water or accidently swallow[ing] water containing Legionella into the lungs." Id., <https://cdc.gov/legionella/index.html> last visited Feb. 5, 2024.

violation.

    Subjective Prong

    Plaintiff fails to allege facts sufficient to meet the subjective prong of deliberate indifference. Plaintiff names Warden Jones and CEO Garland, but their May 18, 2023 memo demonstrates they took reasonable steps to protect inmates from the threat of Legionella bacteria. Indeed, although elevated levels of Legionella were obtained from samples in Building D-4, such defendants took precautionary measures as to the entirety of CHCF. (ECF No. 1 at 9.) Further, even assuming deprivation of hot water meets the objective prong, plaintiff fails to demonstrate either Jones or Garland knew plaintiff faced a substantial risk of serious harm from such lack of hot water in plaintiff's cell yet disregarded that risk by failing to take reasonable steps to abate it. Farmer, 511 U.S. at 837. Plaintiff must allege facts demonstrating that both defendants were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," and "[draw] the inference." Id. Plaintiff alleged no such facts.

    Further, to the extent plaintiff attempts to impose § 1983 liability on defendants Jones and Garfield based solely on the acts or omissions of their subordinates, such claims are not cognizable because supervisory personnel generally are not liable on any theory of respondeat superior or vicarious liability. Iqbal, 556 U.S. at 676 ("government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior liability.") A supervisor "is only liable for his or her own misconduct and is not "accountable for the misdeeds of [his or her] agents." Id. at 677. Mere knowledge of a subordinate's alleged misconduct is insufficient. Id. Here, plaintiff provides no specific acts or omissions on the part of defendants Jones and Garfield that demonstrate either had knowledge of, or any connection to, plaintiff's inability to access hot water.

    Plaintiff also names as a defendant J. Schultz, reviewing authority with the Office of Grievances, claiming Schultz allowed plaintiff to be subjected to the contaminated hot water in plaintiff's cell. But to the extent that plaintiff's claim is based on Schultz's role in the denial of plaintiff's administrative appeal, such allegations are insufficient to state a Section 1983 claim. Plaintiff includes no facts demonstrating that Schultz was involved in providing inmates in

7

Facility B with hot water.  Also, the Ninth Circuit has held that a prisoner has no constitutional right to an effective grievance or appeal procedure.  See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), cert. denied, 541 U.S. 1063 (2004); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also, e.g., George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) (holding that only persons who cause or participate in civil rights violations can be held responsible and that "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation"); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (holding that prison officials whose only roles involved the denial of the prisoner's administrative grievances could not be held liable under Section 1983), cert. denied, 530 U.S. 1264 (2000); Wright v. Shapirshteyn, 2009 WL 361951, at *3 (E.D. Cal. Feb. 12, 2009) ("[W]here a defendant's only involvement in the allegedly unconstitutional conduct is the denial of administrative grievances, the failure to intervene on a prisoner's behalf to remedy alleged unconstitutional behavior does not amount to active unconstitutional behavior for purposes of § 1983.").

        During the appeal process, plaintiff objected that defendant Schultz failed to prove that the filtered sink in the dayroom is available for inmate use.  As relief, plaintiff sought the use of a hot pot in his cell or the installation of a hot water dispenser in the Facility B.  But plaintiff did not grieve that a correctional officer was denying him access to the hot water available in the dayroom sink.  It was not until his final level appeal to the Office of Appeals that plaintiff stated that correctional officers were never ordered to provide inmates access to the filtered sinks in the dayroom, and now claimed that officers on B-yard do not allow inmates to use the hot water sinks in the dayroom.  (ECF No. 1 at 18-19.)

        On October 24, 2023, plaintiff's final appeal was granted, but by then, plaintiff had been transferred away from CHCF.  Further, although the appeal was granted, it was based on plaintiff asserting he had no access to clean hot water, and the "interview information obtained [did] not contain sufficient information to either support or negate how the access to the filtered, hot water is obtained (e.g., during unlocks, returning from the dining hall, etc.)  (ECF No. 1 at 20.)  Similarly, here, plaintiff does not provide sufficient factual allegations to ascertain whether a particular defendant acted with a culpable state of mind in allegedly denying plaintiff access to

clean, hot water.

For the above reasons, the undersigned finds that plaintiff's complaint fails to state a cognizable civil rights claim.

Doe Defendants

Plaintiff also names doe defendants in his complaint. The Ninth Circuit has held that where a defendant's identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities or that the complaint would be dismissed on other grounds. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)). However, plaintiff does not identify each defendant doe and his or her alleged act or omission which plaintiff contends violated his constitutional rights. This is insufficient to put prospective defendants on notice of their alleged actions or omissions that plaintiff claims violate his federal rights. In order to link these doe defendants to the alleged acts or omissions that demonstrate a violation of plaintiff's federal rights, plaintiff is granted leave to amend, to either name the defendants involved, or list the doe defendants involved. If plaintiff can only list these defendants as John Doe, plaintiff must identify the John Doe as best as possible, and allege specific acts that these doe defendants did, such as "John Doe 1 did X" and "John Doe 2 and 3 did Y." Plaintiff is reminded that "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Leave to Amend

In light of the above deficiencies, plaintiff's complaint must be dismissed. It is unclear whether plaintiff can amend his complaint to state a cognizable Eighth Amendment claim. However, the court grants plaintiff leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no

liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague, and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must

1  also bear the docket number assigned to this case and must be labeled "Amended Complaint."

2  Failure to file an amended complaint in accordance with this order may result in the

3  dismissal of this action.

4  Dated: February 7, 2024

*[signature]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/laza2881.14n

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVENTE LASZLO LAZAR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GENA JONES, et al.,<br><br>　　　　Defendants. | No.  2:23-cv-2881 KJN P<br><br><br>NOTICE OF AMENDMENT |

　　　Plaintiff hereby submits the following document in compliance with the court's order filed_____.

　　　_____　　　　　　　Amended Complaint
DATED:

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　Plaintiff