|||
|---|---|
| LEVENTE LASZLO LAZAR,<br><br>Plaintiff,<br><br>v.<br><br>GENA JONES, et al.,<br><br>Defendants. | No. 2:23-cv-2881 CSK P<br><br>ORDER AND FINDINGS AND <u>RECOMMENDATIONS</u> |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff is a state prisoner proceeding pro se and in forma pauperis. Plaintiff's first amended complaint ("FAC") is before the Court. As discussed below, the Court finds that plaintiff's FAC should be dismissed without leave to amend.

I.  SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

1

indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

II.   THE CIVIL RIGHTS ACT

To state a claim under § 1983, a plaintiff must demonstrate: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury. Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

III.     PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff claims that since 2019, the water at California Health Care Facility ("CHCF") has been contaminated with Legionella bacteria, and some efforts were taken to mitigate the imminent danger by installing filters in some sinks, providing bottled water upon request and installing hot water dispensers.  (ECF No. 9 at 6.)  In April 2023, plaintiff arrived at CHCF, where he was housed in Facility B, which only temporarily houses mentally unstable inmates assigned for Psych Inhouse Program treatment.  (Id. at 6, 8.)  On May 18, 2023, defendants Warden Jones and Chief Medical Officer Garland issued a memo regarding water use restrictions due to Legionella concerns, advising inmates not to drink from faucets without filters and to use the hot water dispensers in the dayroom.  (Id. at 6.)  Plaintiff filed a grievance complaining that inmates in Facility B did not have access to clean hot water; specifically, Facility B inmates did not have hot water dispensers, their cell sinks had no filters, and hot pots were not allowed.  (Id.)  In response, defendant J. Schultz denied plaintiff's request to either install hot water dispensers or authorize custody to permit inmates to use sinks with filters.  (Id. at 7.)  On August 15, 2023, plaintiff signed an appeal; at that time, he was housed at the California Medical Facility.  (ECF No. 1 at 17.)  The appeal was granted, finding inmates on B Facility had no hot water dispensers or sinks with filters, were not allowed personal hot pots, and there was no memo authorizing Facility B inmates to use the filtered sinks assigned to medical staff/custody.  (ECF No. 9 at 7.) Plaintiff alleges that defendants Rodriguez, Barajas, Villaphan, Macato, Pak and John Does, who controlled inmate access in Housing Unit B2B, denied plaintiff and all inmates the use of filtered sinks in medical stations and the custody floor.  (Id.)  Plaintiff alleges defendant Sgt. Padilla became aware of the issue, "refused to use his authority claiming it was not within his powers, and forwarded the demand to the Captain of B Facility."  (Id. at 8.)  No further action by custody was taken to provide hot water.  (Id.)

Plaintiff alleges that (1) the lack of hot water constitutes inhumane prison conditions in violation of the Eighth Amendment; (2) his equal protection rights were violated because inmates housed on Facility C, D, and E had hot water dispensers, and inmates housed on Facility A were allowed to use custody controlled filtered sinks, yet inmates housed on Facility B were provided

1  no similar alternatives; and (3) the provision of clean hot water to inmates permanently housed in
2  Facilities A, C, D and E, while denying hot clean water to mentally handicapped inmates
3  temporarily housed in Facility B violated plaintiff's Eighth and Fourteenth Amendment rights.
4  (Id. at 8, 9-15.)

5        Plaintiff argues that access to hot clean water is a basic human right, along with hot
6  showers, hot food, clean water, basic hygiene and sanitary supplies, clothing, etc.  (Id. at 9.)
7  Plaintiff contends that Facility B has no hot water dispenser, in-cell sinks have no filters, and
8  custody refuses to permit inmates housed on Facility B to access filtered sinks located in medical
9  stations and under custody control.  (Id. at 10.)  Plaintiff alleges all named defendants were aware
10 of the denial of hot water to Facility B inmates either by the defendants' own memos, the
11 defendants' denial of plaintiff's multiple requests to receive hot clean water, or their failure to
12 rectify the problem when put on notice through plaintiff's grievances.  (Id. at 10-12.)

13       In the FAC, plaintiff does not identify an injury sustained from the lack of clean hot water.
14 Plaintiff seeks money damages, appointment of counsel, and an order requiring defendants to
15 install hot water dispensers in Facility B.  (Id.)

16 IV.    DISCUSSION
17     A.  Equal Protection Claims
18       Plaintiff's Fourteenth Amendment equal protection claims fail.  The Equal Protection
19 Clause requires the State to treat all similarly situated people equally.  See City of Cleburne, Tex.
20 v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985).  This does not mean, however, that all
21 prisoners must receive identical treatment and resources.  See Cruz v. Beto, 405 U.S. 319, 322 n.2
22 (1972); Ward v. Walsh, 1 F.3d 873, 880 (9th Cir. 1993).  To state a claim under the Equal
23 Protection Clause for a member of a protected class, a plaintiff must demonstrate that (1) he is a
24 member of a protected class and (2) that the defendant acted with an intent or purpose to
25 discriminate against him based upon his membership in a protected class.  Barren v. Harrington,
26 152 F.3d 1193, 1194-95 (9th Cir. 1998).  Prisoners are not a protected class for purposes of an
27 equal protection claim.  See Taylor v. Delatoore, 281 F.3d 844, 849 (9th Cir. 2002) (indigent
28 prisoners are not a protected class for purposes of stating an equal protection claim).  Moreover, a

4

mental disability is not a quasi-suspect classification. City of Cleburne, Tex., 473 at 442. Although disabled persons do not constitute a suspect class, the Equal Protection Clause prohibits irrational and invidious discrimination against them. Dare v. Cal., 191 F.3d 1167, 1174 (9th Cir. 1999). The disabled plaintiff must have been treated differently than others similarly situated, by reason of the plaintiff's classification. Lee v. City of L.A., 250 F.3d 668, 687 (9th Cir. 2001). "'Discriminatory purpose'. . . implies more than intent as volition or intent as awareness of consequences. It implies that the decisionmaker . . . selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." Pers. Adm'r of Mass. v. Feeney, 442 U.S. 256, 279 (1979) (internal citation omitted).

Here, plaintiff was not temporarily placed or retained on Facility B because of the allegedly contaminated water, but rather because of his need for specific mental health care. Plaintiff was already housed on Facility B when the May 18, 2023 memo issued. Further, the May 18, 2023 memo demonstrates that defendants Jones and Garland took reasonable steps to ensure all inmates in Facility A, B, C, D and E had clean drinking water and access to hot showers.[1] (ECF No. 1 at 9-10.) Therefore, plaintiff fails to state a cognizable Fourteenth Amendment claim.

B. Eighth Amendment Claim

As discussed below, the Court finds that plaintiff fails to state a cognizable Eighth Amendment claim based on the temporary conditions on Facility B at CHCF. The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006), op. am. on reh'g, 2006 WL 3437344 (9th Cir. Nov. 30, 2006). Extreme deprivations are required to make out a conditions-of-confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992). "Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal

---

[1] Although plaintiff did not provide another copy of the May 18, 2023 memo with his amended complaint, he refers to the memo. (ECF No. 9 at 6.)

safety." Johnson v. Lewis, 217 F.3d 726, 731-32 (9th Cir. 2000) (quotations and citations omitted).

In order for a prison official to be held liable for alleged unconstitutional conditions of confinement, the prisoner must allege facts that satisfy a two-prong test. Peralta v. Dillard, 744 F.3d 1076, 1082 (9th Cir. 2014) (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994)). The first prong is an objective prong, which requires that the deprivation be "sufficiently serious." Lemire v. Cal. Dep't of Corr. & Rehab., 726 F.3d 1062, 1074 (9th Cir. 2013) (citing Farmer, 511 U.S. at 834). In order to be sufficiently serious, the prison official's "act or omission must result in the denial of the 'minimal civilized measure of life's necessities." Lemire, 726 F.3d at 1074. The objective prong is not satisfied in cases where prison officials provide prisoners with "adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d at 731 (quoting Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982)). That is, a plaintiff must allege facts supporting that he is incarcerated under conditions posing a substantial risk of harm. Farmer, 511 U.S. at 834. "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Johnson v. Lewis, 217 F.3d at 732 ("[m]ore modest deprivations can also form the objective basis of a violation, but only if such deprivations are lengthy or ongoing"). Rather, extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Farmer, 511 U.S. at 834; Hudson, 503 U.S. at 9. The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d at 731.

The second prong focuses on the subjective intent of the prison official. Peralta, 774 F.3d at 1082 (citing Farmer, 511 U.S. at 837). The deliberate indifference standard requires a showing that the prison official acted or failed to act despite the prison official's knowledge of a substantial risk of serious harm to the prisoner. Id. (citing Farmer, 511 U.S. at 842); see also Redman v. Cnty. of San Diego, 942 F.2d 1435, 1439 (9th Cir. 1991) (en banc), abrogated on other grounds by Farmer, 511 U.S. at 836. Mere negligence on the part of the prison official is

1  not sufficient to establish liability.  <u>Farmer</u>, 511 U.S. at 835.

2  Initially, the undersigned assumes without deciding that exposure to Legionella bacteria poses a substantial risk of harm.[2]

Here, the Court finds that the temporary deprivation of hot water in plaintiff's cell does not constitute "inhumane prison conditions" sufficient to meet the objective prong.  See <u>Hopkins v. Klindworth</u>, 556 F. App'x 497, 499 (7th Cir. 2014) (Generally, "[p]risoners do not have a constitutional right to hot water under the Eighth Amendment." (citation omitted)); <u>Metcalf v. Sinclair</u>, 2022 WL 16577882, at *10 (W.D. Wash. Feb. 23, 2022), <u>report and recommendation adopted</u>, 2022 WL 16574700 (W.D. Wash. Oct. 31, 2022) ("mere fact that [prisoner] received clean yet cold water on a temporary basis does not support a reasonable finding that Defendants disregarded his alleged right to hot water"); <u>Adcock v. Burton</u>, 2020 WL 3073334, at *3 (E.D. Cal. June 10, 2020) ("Generally, the short-term failure to provide hot water does not violate the Eighth Amendment.").  Taking plaintiff's allegations as true, plaintiff was deprived of filtered hot water in his cell for less than four months.

Plaintiff does not dispute that he was provided bottled water for drinking or that the showers had filters so that he could take showers with both hot and cold water.  The Court finds that the provision of bottled water for drinking and access to filtered showers that provide hot water was adequate to meet constitutional standards.

Further, plaintiff was advised not to drink the hot water in his cell or to use it near his face.  Plaintiff could avoid exposure to the legionella bacteria by refraining from using the hot water in his cell.  In addition, plaintiff was provided food by the prison.  If plaintiff could not eat food from the canteen that required hot water for less than four months because of the potentially affected hot water, such deprivation would not violate the Eighth Amendment.  Prisoners "possess no constitutional right to canteen privileges."  See <u>Keenan v. Hall</u>, 83 F.3d 1083, 1092 (9th Cir. 1996) (affirming dismissal of § 1983 claim for denial of prison canteen products because

---

[2] According to the Mayo Clinic, "Legionnaires' disease is a severe form of pneumonia – lung inflammation usually caused by infection.  It's caused by a bacterium known as legionella."  Legionnaires' disease, Mayo Clinic, https://www.mayoclinic.org/diseases-conditions/legionnaires-disease/symptoms-causes/syc-20351747 (last visited Apr. 25, 2025).

7

1  "[t]here is no constitutional right to such items"), op. am. on den. of reh'g, 135 F.3d 1318 (9th
2  Cir. 1998); see also Rahman X v. Morgan, 300 F.3d 970, 973-74 (8th Cir. 2002).
3     As set forth above, only extreme deprivations can be characterized as punishment
4  prohibited by the Eighth Amendment. Hudson, 503 U.S. at 8-9 ("extreme deprivations are
5  required to make out a conditions-of-confinement claim"). Plaintiff's allegations do not
6  demonstrate that the less than four month deprivation of hot water in his cell denied plaintiff the
7  minimal civilized measure of life's necessities sufficient to rise to the level of an Eighth
8  Amendment violation. Taking plaintiff's allegations as true, the Court finds that being deprived
9  of hot water in one's cell for less than four months is not sufficiently serious to meet the objective
10 prong required to state an Eighth Amendment violation. In light of this finding, the Court need
11 not address the subjective prong.
12    In the FAC, plaintiff admits that "[a] short duration of the lack of hot water can be
13 justified," but then argues that the lack of hot water extended before and after plaintiff's housing
14 on Facility B. (ECF No. 9 at 10.) However, plaintiff may only seek relief under § 1983 for
15 violations of his own rights, not the rights of other prisoners. It is undisputed plaintiff was only
16 temporarily housed on Facility B at CHCF, and plaintiff includes no facts suggesting he is at risk
17 of being returned to Facility B at CHCF.
18    For the above reasons, the undersigned finds that plaintiff's FAC fails to state a
19 cognizable civil rights claim.
20 V.   LEAVE TO AMEND
21    Leave to amend should be granted if it appears possible that the defects in the complaint
22 could be corrected, particularly where the plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122,
23 1130-31 (9th Cir. 2000) (en banc). The Court has considered whether plaintiff should be granted
24 another opportunity to amend. However, the FAC fails to state a plausible § 1983 claim. Thus,
25 the Court finds any further leave to amend would be futile. Because the identified deficiencies
26 cannot be cured in this context, and plaintiff was provided an opportunity to amend his original
27 complaint, the Court finds it would be futile to grant plaintiff leave to amend. Thus, the Court
28 recommends dismissing the FAC without further leave to amend. See McKinney v. Baca, 250 F.

App'x 781 (9th Cir. 2007) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992) (noting discretion to deny leave to amend is particularly broad where court has afforded plaintiff one or more opportunities to amend his complaint)); see also Saul v. U.S., 928 F.2d 829, 843 (9th Cir. 1991) (A district court can deny leave "where the amendment would be futile . . . or where the amended complaint would be subject to dismissal").

## VI. REQUEST FOR COUNSEL

Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. U.S. Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel. Plaintiff's request for appointed counsel is denied without prejudice.

## VII. CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to assign a district judge to this case; and

2. Plaintiff's request for the appointment of counsel (ECF No. 1 at 6) is denied without prejudice.

Further, IT IS RECOMMENDED that this action be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 30, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/laza2881.56

10